Honorable George M. Cowden Chairman Public Utility Commission of Texas 7800 Shoal Creek Blvd. Austin, Texas 78757
Re: Whether Public Utility Commission has regulatory authority over utility pole rental agreements between cable television companies and public utilities.
Dear Mr. Cowden:
You have requested our opinion regarding the authority of the Public Utility Commission (hereafter PUC) to regulate pole rental agreements between cable television companies and public utilities. The impetus for this request arises from recently enacted amendments to the Federal Communications Act,47 U.S.C. § 224, which empower the Federal Communications Commission (hereafter FCC) to regulate the
 rates, terms, and conditions for pole attachments to provide that such rates, terms and conditions are just and reasonable. . . .
47 U.S.C. § 224(b). A `pole attachment' is defined as
 any attachment by a cable television system to a pole, duct, conduit, or right-of-way owned or controlled by a utility.
47 U.S.C. § 224(a)(4). A `utility' includes
 any person whose rates or charges are regulated by the Federal Government or a State and who owns or controls poles, ducts, conduits, or rights-of-way used, in whole or in part, for wire communication.
47 U.S.C. § 224(a)(1).
The statute is inapplicable in all instances in which the `rates, terms, and conditions for pole attachments' are regulated by a state. 47 U.S.C. § 224(c)(1). If a state provides for such regulation, it must so certify to the FCC, and include therein a statement that
 in so regulating such rates, terms, and conditions, the State has the authority to consider and does consider the interests of the subscribers of cable television services, as well as the interests of the consumers of the utility services.
47 U.S.C. § 224(c)(2). In order to determine whether the PUC should make the requisite certification, you ask a number of questions regarding the commission's jurisdiction over the `rates, terms, and conditions' of pole rental agreements.
Article 1446c, V.T.C.S., the Public Utility Regulatory, Act, provides in section 18:
 Subject to the limitations imposed in this Act, and for the purpose of regulating rates, operations, and services so that such rates may be just, fair, and reasonable, and the services adequate and efficient, the commission shall have exclusive original jurisdiction over the business and property of all telecommunications utilities in this state.
Similar jurisdiction over other kinds of utilities is granted in other portions of the Act. See art. 1446c, §§ 16, 37, 38. The statute defines a `utility' to include, inter alia, `any person, corporation, river authority, cooperative corporation, or any combination thereof, other than a municipal corporation,' which owns or operates for compensation equipment or facilities for:
. . . .
 (2)(a) the conveyance, transmission, or reception or communications over a telephone system; . . . provided . . . that nothing in this Act shall be construed to apply to . . . community antenna television services. . . .
Section 3(c) (emphasis added). The proviso in section 3(c)(2)(a) declares that a community television service is not a `utility' as defined in the Act. Since the PUC is not empowered to regulate any entity not a `utility,' it is clear that the commission has no direct regulatory authority over a cable television company.
In order to invoke the exclusion of 47 U.S.C. § 224(c)(1), a state must certify to the FCC not only that it regulates pole rental agreements, but also that it `has the authority to consider and does consider the interests of the subscribers of cable television services' in setting the rates, terms and conditions of such agreements. Since the PUC has no direct regulatory authority over cable television companies, and may consider the interests of such companies only in the context of their relationships with a regulated utility, we do not believe that the statute may reasonably be extended to include the relationship of a cable television company with its subscribers. Since, in the matter of pole rental agreements, those subscribers have no direct relationship with the regulated utility, we believe the PUC lacks the authority to consider their interests. Thus, in our opinion, the PUC should not certify to the PUC that it `has the authority to consider and does consider the interests of the subscribers of cable television services' in regulating the rates, terms and conditions of pole rental agreements. In view of this determination, we need not address your other questions.
 SUMMARY
The Public Utility Commission should not certify to the Federal Communications Commission that it `has the authority to consider and does consider the interests of the subscribers of cable television services' in regulating the rates, terms and conditions of pole rental agreements.
Very truly yours,
Hill signature
John L. Hill
Attorney General Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee